IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH T. LONG, et al. | : | NO. 08-CV-640 |

## MEMORANDUM AND ORDER

Ditter, J.                                                                              June 3, 2009

  Plaintiff, J & J Sports Productions, Inc. ("J & J Sports"), seeks the entry of a default judgment in this case against defendants, Kenneth Long, individually and as a principal of Billy Jeans Boys, LLC, d/b/a Pogey's Restaurant and Tavern, and Billy Jeans Boys, LLCm d/b/a Pogey's Restaurant and Tavern. The defendants did not answer or otherwise respond to the complaint and default was entered by the Clerk of Court on April 8, 2008.[1]

  J & J Sports is an international distributor of sports and entertainment programming and purchased distribution rights to the May 5, 2007, DeLaHoya/Mayweather boxing match. This match was broadcast by closed circuit television or encrypted satellite signal. For a fee, commercial establishments could receive an unscrambled signal enabling their patrons to view the match.

  In order to protect its investment, J & J Sports hires auditors to visit commercial locations that have not purchased the right to broadcast the match in an attempt to identify and curtail

---

[1] The default was vacated as to defendant, Robert Long on June 25, 2008. Robert Long's motion to dismiss was denied on September 11, 2008. Over the next several months the parties conducted discovery to determine how the pirated boxing match was intercepted and whether Robert Long had any connection to this business at the time of the incident. Ultimately, the plaintiff stipulated to the dismissal of all claims against Robert Long.

signal piracy.  One of these auditors observed and videotaped the exhibition of the fight at Pogey's Restaurant and Tavern ("Pogey's"), located at 1021 Morehall Road, Malvern, Pennsylvania.  The auditor entered the establishment without paying a cover charge and observed two televisions exhibiting the match.  This establishment had an estimated capacity of 200 people and no more than thirty-two people were in attendance that evening.  The defendants failed to respond after proper service, leaving J & J Sports unable to determine exactly how the match was intercepted.

Defendants' default is deemed an admission of the facts alleged in the complaint except those relating to the amount of damages.  *Comdyne I. Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  The complaint established the elements of liability under both 47 U.S.C. § 553 (liability for unauthorized intercepting, receiving or assisting in receiving any communication over a cable system), and 47 U.S.C. § 605 (interception of radio/satellite communications).  Thus, defendants have admitted that they illegally intercepted or received the scrambled transmission of the boxing match.

Separate from liability, I must consider the plaintiff's request for damages.  In this circuit, a defendant cannot be liable under both § 553 and § 605 for the same transmission.  *TKR Cable Company v. Cable City Corp., et al.*, 267 F.3d 196 (3d Cir. 2001).  Here, because the only evidence J & J Sports has concerning the method used by the defendants to receive the boxing match consists of cable invoices, J & J Sports seeks damages under 47 U.S. C. §553.  *Id.,* 267 F.3d at 205 (§ 553 applies where a defendant illegally uses a cable signal).

Under the Federal Communications Act, a plaintiff that has established liability under § 553, may elect between actual damages, 47 U.S.C. § 553(c)(3)(A)(i), or statutory damages, 47

U.S.C. § 553(c)(3)(A)(ii) (in an amount up to $10,000 as the court considers just).  Where, as here, the damages are for a sum certain or for a sum which can by computation be made certain, I may set damages without a hearing.  FED. R. CIV. P.  55(b)(1), (b)(2).  I am not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages and I must ensure that there is a legal basis for the damages specified in the default judgment.  *Comdyne I, Inc.,* 908 F.2d at 1149.

Recognizing the difficulties with determining actual damages where the defendant has defaulted, J & J Sports asks that I award statutory damages in the amount of $10,000 as a deterrence to future pirates.  J & J Sports also seeks enhanced damages based on the willfulness of the defendants' conduct and because this violation was committed for commercial purposes.  J & J Sports has filed affidavits and exhibits that set forth the legal and factual basis for the damages it has suffered and that provide sufficient information for me to calculate damages without an evidentiary hearing.

In determining whether the statute was violated for commercial gain, I may consider a variety of factors – whether there was a cover charge, any advertising for the event, increased food or beverage charges, and/or any increase in the profits of the business because of the illegal showing of the boxing match.  According to the affidavit of Amber Saltarelli, the auditor who investigated this venue, Pogey's was described as a having a small bar area with a separate restaurant section and a estimated capacity of 200 patrons.  There was no cover charge.  She watched the sixth round of the fight at Pogey's and there were no more than thirty-two people present while she was there.  No information has been provided as to any advertising, increased food or beverage charges, or increased profits realized on the night of the violation.  Nor has the

plaintiff indicated what it would have cost Pogey's to purchase the right to exhibit this match. These facts do not compel an award of the maximum penalty as requested.

After consideration of the record, and a survey of amounts my fellow members of this court have determined to be reasonable under similar circumstances, I find that statutory damages in the amount of $1,2000. and an enhancement for willfulness in the amount of $1,200. is appropriate.  I also find that counsel's application for attorney's fees and costs is reasonable and shall award attorney's fees in the amount of $586.50 and costs in the amount of $550.

An appropriate order follows.